# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR211-015 |
| | ) | |
| DAN MANGRAM | ) | |

## ORDER

Asserting his belief that he may be entitled to relief under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), defendant Dan Mangram asks this Court

> to allow movant to preserve the relevant claims in *Johnson v. United States* made retroactive by the United States Supreme Court for Armed Career Criminals (ACC). It is movant's belief that he is entitled to the same legal facts and rights as a career offender, therefore, movant makes this request to preserve any *Johnson v. United States* claims that would eventually apply to his case.

Doc. 944 at 1.

"Placeholder" motions obviously defeat Congress' one-year deadline for seeking § 2255 relief. *See* § 2255(f); *see also Bouttry v. United States*, 2012 WL 2153940 at * 2 (S.D. Ga. Apr. 30, 2012) (collecting cases denying placeholder motions); *United States v. Ray*,

2014 WL 6612615 at * 2 (E.D. La. Nov. 20, 2014) (court was not aware of any instances sanctioning use of "placeholder" § 2255 motions). But there are exceptions one can exploit past that deadline. *See United States v. Stansall*, 2016 WL 6269577 at * 6 (D. Neb. Oct. 26, 2016) (the § 2255 motion has been impeded by an unconstitutional or unlawful government action, or based on a newly recognized constitutional right, or supported by facts that could not have been discovered until after the judgment of conviction became final; too, when extraordinary circumstances beyond a petitioner's control prevent a timely filing, equitable tolling of the 1-year limitation period may be appropriate). Mangram cites none here.

Dan Mangarm's motion therefore is **DENIED**. Doc. 944.

**SO ORDERED**, this 27th day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA