FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:05 am, Jul 13, 2020

# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 211-015-5 |
| DAN MANGRAM, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Dan Mangram's motion to vacate or reduce the remaining balance of his court-imposed fine. Dkt. No. 980. The Government has responded in opposition, dkt. no. 979, and the motion is ripe for review.

### BACKGROUND

In August 2011, pursuant to a written plea agreement, Mangram pleaded guilty to a lesser included offense of Count 1, that is, conspiracy to possess with intent to distribute, and to distribute, a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846. Dkt. Nos. 515, 518. In January 2012, the Court sentenced Mangram to 151 months' imprisonment with the Bureau of Prisons ("BOP"), followed by five years' supervised release, as well as a $100 special assessment and $3500 fine. Dkt. No. 691. According to the BOP website, Mangram is currently incarcerated at Pensacola

FPC, located in Pensacola, Florida, with a projected release date of December 25, 2020.

## DISCUSSION

Now Mangram moves the Court for "reduction or forgiveness of fine due to the COVID-19 pandemic." Dkt. No. 980.[1] Mangram avers that, due to his facility being on lock-down, he has been unable to work, and, thus, unable to pay his fine. Mangram states that he has not missed a payment toward his fine since July 2012, paying approximately $770 in total via UNICOR wages. As the Government correctly argues in its brief, however, the Court is without authority to modify Mangram's fine at this stage.

> Pursuant to 18 U.S.C. § 3572(c), a sentence to pay a fine can be:
>
> (1) modified or remitted under section 3573;
>
> (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified under section 3742.

For all other purposes, "a judgment that includes such a sentence is a final judgment[.]" Id.  None of the § 3572(c) avenues for modification are applicable to Mangram.

The Court may, however, alter a fine upon a defendant's showing of a change in his financial circumstances. United States v. Jeffrey, No. CR 111-273, 2015 WL 556431, at *2 (S.D. Ga. Feb.

---

[1] Mangram actually filed the motion in another case in which he was a defendant, No. 2:98cr32 (S.D. Ga.). The Court did not impose a fine in that case, however, and the Government appropriately cited this case in its response to Mangram's motion.

10, 2015). That is, the Court may alter the payment schedule but cannot eliminate the fine completely. Under this standard, Mangram must show that he has suffered some sort of material change in his financial circumstances that justifies adjustment of the payment schedule. The Government, thorough its brief, recognizing the unprecedented adverse effects of the COVID-19 pandemic, states it has no objection to Mangram's alternative prayer for relief: an Order allowing Mangram to pay the remaining balance of his fine upon his release from the BOP. In consideration of Mangram's having been long compliant with his repayment obligations and the Government's non-objection to Mangram's alternative prayer for relief, the Court **ORDERS** that Mangram's fine repayment obligations are hereby **STAYED** until he is released from BOP custody. At that time, Mangram's repayments obligations shall recommence under the supervision of the United States Probation Office.

## CONCLUSION

Mangram's motion is **DENIED in part and GRANTED in part**. It is **DENIED** to the extent he moves for forgiveness of the remaining balance of his fine. It is **GRANTED** to the extent he requests his fine repayment obligations be stayed until he is released from BOP custody.

SO ORDERED, this 13 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA